# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### STATESBORO DIVISION

| | | |
|---|---|---|
| WASEEM DAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV622-072 |
| | ) | |
| | ) | |
| TIMOTHY WARD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER[1]

*Pro se* prisoner Waseem Daker filed a 42 U.S.C. § 1983 Complaint alleging various constitutional violations arising from his confinement in the Tier II program at Smith State Prison. *See* doc. 1. Plaintiff has filed a Motion to Recuse Magistrate Judge Christopher Ray, doc. 2, citing the undersigned's twenty-month delay in conducting initial reviews of two cases filed by Plaintiff: *Daker v. Adams*, No. 6:20-CV-00115-JRH-CLR

---

[1] A magistrate judge may "hear and determine any pretrial matter pending before the court," subject to certain enumerated exceptions. 28 U.S.C. § 636(b)(1)(A). The present request for relief is neither dispositive nor explicitly enumerated in the exceptions contained in Section 636(b)(1) (A). Moreover, Magistrate Judges have routinely determined Daker's repeated and "utterly frivolous" recusal motions with approval from the Eleventh Circuit. *See Daker v. Poff*, 4:16-CV-158-JRH-CLR, doc. 9 at 8 (July 25, 2016), *aff'd*, *Daker v. United States*, 787 F. App'x 678, 680 (11th Cir. 2019)); *see also Daker v. Robinson*, 694 F. App'x 768, 770 (11th Cir. 2017) (affirming Magistrate Judge's Order denying recusal).

(S.D. Ga. Nov. 30, 2020); and *Daker v. Ward*, No. 6:21-CV-00003-JRH-CLR (S.D. Ga. Jan, 11, 2021).  *See* doc. 2 at 1-2.

Plaintiff provides only three possible explanations for the undersigned's "delay:" (1) the undersigned is "incompetent;" (2) the undersigned is "extremely lazy and has no work ethic;" or (3) the undersigned is extremely biased and is intentionally stalling Plaintiff's cases "without conscience, integrity to his oath of office, or any sense of justice." Doc. 2 at 5.  Because the Plaintiff generously concedes that the undersigned is not incompetent, the only explanations left available, in Plaintiff's opinion, are that the undersigned is either extremely lazy or is intentionally stalling his cases.  *Id.*  To that end, Plaintiff urges the undersigned to recuse himself under 28 USC § 455(a), citing his own conclusory prediction that the undersigned will "rubberstamp-dismiss" all of Plaintiff's cases in violation the oath of office.  Doc. 2 at 7.

The statute Plaintiff relies upon states that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 USC § 455(a).  For a judge to properly abandon his duty to hear cases pursuant to § 455(a) he must consider "whether an objective,

disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003). "Bias sufficient to disqualify a judge under section 455(a) . . . must stem from extrajudicial sources, unless the judge's acts demonstrate such pervasive bias and prejudice that it unfairly prejudices one of the parties." *United States v. Bailey*, 175 F.3d 966, 968 (11th Cir. 1999) (internal quotation marks and citation omitted). Under this so called "extrajudicial source doctrine," "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *Holt v. Givens*, 757 F. App'x 915, 919 (11th Cir. 2018). "Also not subject to deprecatory characterization as 'bias' or 'prejudice' are opinions held by judges as a result of what they learned in earlier proceedings," even if the judge sits in successive proceedings involving the same party. *Liteky*, 510 U.S. at 551.

Plaintiff, relying on *Jaffe v. Grant*, argues that the undersigned's "delay" exhibits such a pervasive bias to warrant exception from the judicial source doctrine. Doc. 2 at 3 (citing 793 F.2d 1182, 1189 (11th Cir. 1986) *see also* doc. 2 at 6-7 ("Mr. Daker recognizes that he is litigious, and

that this Court does not look favorably upon litigious prisoners. But his litigiousness should not cause this court to rubberstamp-affirm this now-almost-19-month delay. Magistrate Ray should be 'bigger' than that, better than that, above that, and more professional and ethical than rubberstamping."). However, Plaintiff fails to acknowledge that the facts of *Jaffe* are irrelevant, and its ruling is not on his side. There, the Eleventh Circuit affirmed the District Judge's denial of recusal even after the lower court judge made certain statements from the bench during a status conference because "the court's statements reflect its perception of the underlying facts of the case." *Jaffe*, 793 F.2d at 1189.

Moreover, as Plaintiff has been informed by the Eleventh Circuit, " '[a] charge of partiality must be supported by some factual basis' and not simply 'be based on unsupported, irrational or highly tenuous speculation.'" *Daker v. United States*, 787 F. App'x 678, 680–81 (11th Cir. 2019) (quoting *United States v. Cerceda*, 188 F.3d 1291, 1292 (11th Cir. 1999)) (internal quotations omitted); *see also Daker v. Warren*, 779 F. App'x 654, 658 (11th Cir. 2019) ("The district court judge was not required to recuse without some evidence that he had a disqualifying personal bias against or interest adverse to Daker."). He is aware that

4

he must assert something far more than baseless claims of bias to meet this standard.[2]   *See Daker v. Deal*, 2020 WL 5792472, at \*2 (N.D. Ga. Aug. 4, 2020), *aff'd sub nom. Daker v. Governor* of Georgia, No. 20-13602, 2022 WL 1102015 (11th Cir. Apr. 13, 2022) ("This Court has found that Daker has engaged in bad faith and dishonesty.  Indeed, Daker's actions are troublesome and annoying, but the fact that this Court holds those opinions are not proper grounds for recusal."); *see also In re Daker*, 2018 WL 9986853, at \*1 (N.D. Ga. July 20, 2018) ("[T]the Eleventh Circuit has repeatedly affirmed this Court's denial of Daker's recusal motions.").

Like in *Jaffe*, the undersigned's actions here—namely the supposed delay in ruling on Plaintiff's  various motions or screening his cases under Section 1915A and Rule 4—reflect the Plaintiff's own litigation tactics and are based "on knowledge the court had gained in a purely judicial context by presiding over this action" as well as other cases filed by

---

[2] For example, *Liteky* recognized that even if  a judge who presided at trial became exceedingly ill-disposed towards a defendant and might describe him as a "thoroughly reprehensible person," that judge need not recuse if his knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings and might be necessary to completion of the judge's task. *Liteky*, 510 U.S. at 550–551. Likewise, in another case, a judge's comment that a party was "manipulative, narcissistic, and twisted" reflected facts of case and judge's experience and explained why the judge imposed the sentence he did, but it did not indicate bias.  *U.S. v. Diekemper*, 604 F.3d 345, 352 (7th Cir. 2010).

Plaintiff. Likewise, the instant circumstances are not of such an extreme nature that Plaintiff can demonstrate pervasive bias and prejudice. Rather, the Court has properly managed its own docket, as it is in its discretion to do. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (holding that the court holds an inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). In other words, the alleged delay of case review is unrelated to the undersigned's supposed opinion of Mr. Daker (or, for that matter, "extreme laziness"), but even if it were, it would not require recusal, because the undersigned is statutorily tasked with managing the court docket and to make recommendations regarding Plaintiff based upon his courthouse behavior, *inter alia*, as is commensurate with the office of Magistrate Judge.

## CONCLUSION

For all the foregoing reasons, Plaintiff's Motion to Recuse is **DENIED**. **SO ORDERED** this 13th day of December, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA