# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| WASEEM DAKER, | ) |
| Plaintiff, | ) ) ) |
| v. | )  CV622-0072 |
| GREGORY DOZIER, *et al.*, | ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

*Pro se* prisoner Waseem Daker filed this 42 U.S.C. § 1983 Complaint alleging various constitutional violations arising from his placement in Tier II segregation at Smith State prison. *See generally* doc. 1. Because he is a prisoner seeking "redress from a governmental entity or officer or employee of a governmental entity," the Court must screen his Complaint. 28 U.S.C. § 1915A. Plaintiff filed his Complaint on September 20, 2022, in flagrant disregard of the Northern District of Georgia's August 4, 2020 Order of Permanent Injunction. *Daker v. Deal*, No. 1:18-CV-5243, doc. 57 (N.D. Ga. Aug. 4, 2020), *aff'd sub nom. Daker v. Governor of Georgia*, No. 20-13602, 2022 WL 1102015 (11th Cir. Apr. 13, 2022). In that Order, Judge William Ray mandated *inter alia* that

Plaintiff include with "every lawsuit he files *in this or any other federal court*" (1) a copy of the injunction and (2) "a list of each and every lawsuit, habeas corpus petition, and appeal that he has filed in any federal court, along with the final disposition of each lawsuit, petition or appeal." *Id.* at 19 (emphasis in original). Plaintiff appealed the injunction, arguing that the district court lacks jurisdiction to order him to report his litigation history to other courts. However, the Eleventh Circuit conclusively disagreed, holding that reporting litigation history ensured enforcement of the injunction, which it held "operate[s] continuously and perpetually upon' and is "binding upon [Daker] . . . throughout the United States." *Daker v. Governor of Georgia*, 2022 WL 1102015 at *2 (citing *Leman v. Krentler-Arnold Hinge Last Co.*, 284 U.S. 448, 451 (1932)). Thus, Plaintiff is not only in contravention of the Northern District of Georgia' injunction, but he has clearly disregarded the mandate of the Eleventh Circuit affirming the injunction which issued five months before Plaintiff filed this case. *Id.* at *1 (issued April 13, 2022); *see also* doc. 1 (filed Sept. 20, 2022).

Even though Plaintiff did appeal the Order of Injunction, he did not request a stay of that injunction pending the appeal. He was bound by

its requirements even before the Eleventh Circuit reviewed them. He continues to be bound by them considering the appellate court's decision affirming the injunction and its application to all federal courts. But, once again, he did not comply. Specifically, he included neither a list of his litigation history or a copy of the Order. *See generally* doc. 1. Therefore, the Court recommends that Plaintiff's case should be dismissed for failure to comply with court order. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("Dismissal may be within the discretion of a district court when a litigant is "repeatedly and stubbornly defiant," demonstrating "a refusal to acknowledge the authority of [a] magistrate and indicate[s] no willingness to comply with court orders."); *see also Brown v. Blackwater River Corr. Facility*, 762 F. App'x 982, 985 (11th Cir. 2019) ("District courts have inherent power to manage their dockets."); Fed. R. Civ. P. 41(b) (allowing dismissal when a plaintiff fails to comply with court order).

## CONCLUSION

For all the foregoing reasons, it is **RECOMMENDED** that plaintiff's action be **DISMISSED** in its entirety. This Report and Recommendation (R&R) is submitted to the district court judge assigned

to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED and RECOMMENDED,** this 20th day of December, 2022.

/s/ Christopher L. Ray
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA