UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| WASEEM DAKER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CV622-072 |
| GREGORY DOZIER, et al., | ) ) ) |
| Defendants. | ) ) |

## ORDER

After a careful de novo review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation (R&R), (doc. no. 8), to which Plaintiff filed an Objection, (doc. no. 13). As explained more fully below, the R&R is **ADOPTED**. (Doc. no. 8.); see also, e.g., 28 U.S.C. § 636(b).

*Pro se* prisoner Waseem Daker filed a 42 U.S.C. § 1983 Complaint alleging various constitutional violations arising from his placement in Tier II segregation at Smith State Prison. (See generally doc. no. 1.) Plaintiff then filed a Motion to Recuse the Magistrate Judge, (doc. no. 2), and a Motion for "Judges and Magistrate Judge's of this Court to Stop Flip-Flopping as to whether Multiple Tier II Due Process and Conditions of Confinement Claims are Dissimilar or Similar and Decide whether Plaintiff should Litigate them Separately or Together," (doc. no. 3.). The Magistrate Judge first denied Plaintiff's Motion to Recuse. (Doc. no. 7). Because he is a prisoner seeking "redress from a governmental entity or officer or employee of a governmental entity," the Magistrate Judge screened his Complaint pursuant to 28 U.S.C. § 1915A. (Doc. no. 8.)

The Magistrate Judge found that Plaintiff filed his Complaint on September 20, 2022, in flagrant disregard of the Northern District of Georgia's August 4, 2020 Order of

Permanent Injunction and recommended dismissal. See Daker v. Deal, No. 1:18-CV-5243, doc. 57 (N.D. Ga. Aug. 4, 2020), aff'd sub nom. Daker v. Governor of Georgia, No. 20-13602, 2022 WL 1102015 (11th Cir. Apr. 13, 2022). Specifically, the Magistrate Judge found that Plaintiff failed to include (1) a copy of the injunction and (2) "a list of each and every lawsuit, habeas corpus petition, and appeal that he has filed in any federal court, along with the final disposition of each lawsuit, petition or appeal." (Doc. no. 8 at 2.) Moreover, even though Plaintiff appealed the injunction, arguing that the district court lacks jurisdiction to order him to report his litigation history to other courts, the Eleventh Circuit conclusively disagreed. Daker v. Governor of Georgia, 2022 WL 1102015, at *2 (11th Cir. Apr. 13, 2022). Pursuant to that holding, Plaintiff is required to report litigation history which ensures enforcement of the injunction, which it held "operate[s] continuously and perpetually upon' and is "binding upon [Daker] . . . throughout the United States." Daker v. Governor of Georgia, 2022 WL 1102015, at *2 (citing Leman v. Krentler-Arnold Hinge Last Co., 284 U.S. 448, 451 (1932)). Thus, the Magistrate Judge reported, Plaintiff is not only in contravention of the Northern District of Georgia's injunction, but he has clearly disregarded the mandate of the Eleventh Circuit affirming the injunction which issued five months before Plaintiff filed this case. (Doc. no. 8 at 2-3 (citing 2022 WL 1102015, at *1 ); (see also doc. no. 1 (filed Sept. 20, 2022).)

After the Magistrate Judge recommended dismissal, Plaintiff filed an Objection to the Order denying recusal, (doc. no 11), a "Declaration," (doc. no. 12), an Objection to the Magistrate Judge's Recommendation of dismissal, (doc. no. 13), a "Declaration of Compliance with Prison Mailbox Rule, (doc. no. 14), an Amended Complaint, (doc. no. 15), a Motion for Access to Photocopying, (doc. no. 16), and a Motion for Access to Stored Legal Materials, (doc. no. 17).

2

Plaintiff's Objection to the recommendation of dismissal argues that he should be permitted to amend his Complaint to correct deficiencies pursuant to the Federal Rules of Civil Procedure, which allow a party to amend their complaint once as a matter of course within 21 days after service or within 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a). Relatedly, he argues that he has corrected the deficiency of failing to include his litigation history in his Amended Complaint, (doc. no. 15), and thus, he should be allowed to proceed. (See doc. no. 13 at 3.) Next, he argues that he has shown "good cause" for his failure to include his litigation history and a copy of the injunction order, arguing that Defendants have been denying him access to his "stored legal materials" and photocopies. (Id. at 4.) Allegedly Defendants have both destroyed his only copy of the injunction order and denied him access to a copy machine so that he may produce copies of the order. Additionally, he asserts that he has previously been given permission by this Court to direct it to "refer to court dockets" for information pertaining to his litigation history, (see doc. 13 at 3), and thus he should be allowed to continue this direction rather than comply with the injunction—even though the Eleventh Circuit has already held that the filing injunction "operate[s] continuously and perpetually upon" him. Daker, 2022 WL 1102015, at *1.

Application of Rule 15's liberal amendment policy does not mitigate Plaintiff's failure to comply with the injunction. After all, he has not simply failed to draft his pleading correctly or omitted certain allegations—he has blatantly disregarded filing restrictions and thus his Complaint should be summarily dismissed. See Daker v. Deal, No. 1:18-CV-5243-WMR, doc. 57 (N.D. Ga. Aug. 4, 2020). Simply amending a pleading does not correct this failure. Indeed, permitting Plaintiff to amend when his noncompliance is identified by the Court would erode, if not eliminate, the injunction's

3

effect on his continuing vexatiousness. Moreover, accepting Daker's amended pleading would not sufficiently remedy his failure to adhere to the injunction order because even in his Amended Complaint, he failed to attach the required copy of the injunction order.

Plaintiff's two Motions regarding photocopying and access to stored legal materials (doc. nos. 16, 17), supposedly seek to resolve Plaintiff's failure to adhere to the filing injunction by obtaining injunctive relief from the Defendants. The Court construes Plaintiff's Motions to as motions for preliminary injunctions. Daker v. Owens, 2013 WL 3289103, at *1 (M.D. Ga. June 28, 2013). A district court may grant injunctive relief if the movant shows the following: (1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. See All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc., 887 F.2d 1535, 1537 (11th Cir. 1989) (citations omitted)). In this Circuit, "[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion'" as to the four requisites. McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citation omitted). Because Plaintiff does not show that he will suffer irreparable injury without the injunction, his Motions are meritless.

Plaintiff argues Defendants have prevented him from complying with the injunction by denying him access to photocopying, and he lists what he references as "actual injuries," including his present failure to comply. (Doc. no. 16 at 3.) Similarly, he argues that Defendants deprived him of access to his stored legal materials by placing the items in the law library. (Doc. no 17 at 2.) According to Plaintiff, he is allowed "only a

4

half-inch" of legal documents in his cell, which represents a small fraction of the legal documents he maintains. (Id.) Whether or not he is limited by the denial of this access in this case and others, the Court is unpersuaded that Plaintiff lacks the ability to be (at the least) forthcoming regarding filing restrictions he is required to obey.

Defendants' alleged actions do not preclude Daker from requesting copies of Orders from the Clerk's office of the Northern District of Georgia.[1] As well, given Plaintiff's past vexatiousness, his failure to even acknowledge the filing injunction in his pleadings without additional Court directive indicates he had no intention to comply voluntarily, and that his continued refusal to comply has little to do with Defendants. Thus, given the available alternative remedies to Plaintiff's issue, he has not established irreparable harm in being denied access to his legal materials and a photocopier. Daker v. Bryson, 2016 WL 11257408, at *3 (M.D. Ga. June 8, 2016).

Meanwhile, Plaintiff has in other cases submitted text from disciplinary reports which reported incidents of Plaintiff storing contraband *in his legal materials*. See Daker v. Adams, 6:20-CV-115, doc. 60 at 7 (S.D. Ga. Dec. 12, 2022) (describing a prison disciplinary report from an incident on July 29, 2022 where "[s]even homemade weapons sharpened to a point, eight altered tablets, gaming system with controller and four batteries in legal mail of offender Daker, Waseem GDC#901373."); see also Daker v. Adams, 6:22-CV-037, doc. 1 at 65 (S.D. Ga. May 24, 2022) (discussing disciplinary report and admitting the following: "To be sure, Petitioner did possess the tablets, gaming

---

[1] Daker has been alerted to this fact and, in other cases, the Court has even provided further opportunity to him by providing him the ability to file a "Motion for Copies," attaching any documents he wishes copied, and tendering funds for the copies, but instead he chooses to file motions such as the present one again and again. Daker v. Ward, 2021 WL 8362021, at *3 (S.D. Ga. Sept. 2, 2021).

5

system with controller and batteries, but these were not contraband . . . ."). While Daker disputes the consequences of these disciplinary reports on due process grounds, the Court need not determine their validity or "second-guess the decisions" of the officials at this time. See Prison Legal News v. Sec'y, Fla. Dep't of Corr., 890 F.3d 954, 965 (11th Cir. 2018) (collecting cases reiterating the substantial deference given to decisions of prison administrators). Even if he could identify a plausible injury otherwise supporting injunctive relief, the Court would be disinclined to force the prison to provide Daker with unlimited photocopies and unregulated access to his materials which he has purportedly used to facilitate his contravention of prison security.

The fact is, Plaintiff perpetually seeks unfettered access to photocopies by filing similar motions in other cases, even though they are regularly denied. See, e.g., Daker v. Ward, 2021 WL 8362021, at *2 (S.D. Ga. Sept. 2, 2021) (recommending denying injunctive relief because Daker failed to establish a substantial likelihood of success on the merits of the claim and noting that, "[g]iven Daker's well-established history of litigation, the limitation he proposes is effectively no limit at all.") (citing Daker v. Comm'r, Ga. Dept. of Corrs., 820 F.3d 1278, 1281 (11th Cir. 2016) ("Daker has submitted over a thousand *pro se* filings in over a hundred actions and appeals in at least nine different federal courts.")). Daker v. Owens, , 2013 WL 3289103, at *1 (M.D. Ga. June 28, 2013). Accordingly, these motions do not represent an attempt to comply with the injunction order, but are filings which have become routine for Daker, no matter the need and no matter the legitimacy of the reasons.

Daker's insistence that he is being deprived of Court access because he is unable to comply with the injunction due to a lack of access to photocopies is mistaken. See Wanninger v. Davenport, 697 F.2d 992, 994 (11th Cir. 1983) ("prisoner's right of access

to the courts does not include the right of free unlimited access to a photocopying machine.") He has "made his bed." In a vacuum, the limitations on Daker's access to the courts might seem harsh. However, this issue is not decided in a vacuum. Daker v. Deal, 2020 WL 5792472, at *2 (N.D. Ga. Aug. 4, 2020) ("This Court stresses that its imposition of filing limitations on Daker is not taken lightly or as a form of retribution."). Plaintiff's abusive tactics are to blame for the circumstances in which he finds himself. The injunction was fairly imposed under the court's duty to police its docket and protect itself from Daker's maliciousness. Though it may seem unfair to him that he faces difficulty in engaging in further abuse of the judiciary, it is surely—after over 10 years—necessary.[2]

Therefore, the Court concurs that Plaintiff's case should be dismissed for failure to comply with the injunction. Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) (holding that a district court has discretion to dismiss a case when a litigant is "repeatedly and stubbornly defiant," demonstrating "a refusal to acknowledge the authority of [a] magistrate and indicate[s] no willingness to comply with court orders."); see also Fed. R. Civ. P. 41(b) (allowing dismissal when a plaintiff fails to comply with court order); Brown v. Blackwater River Corr. Facility, 762 F. App'x 982, 985 (11th Cir. 2019) ("District courts have inherent power to manage their dockets.").

## CONCLUSION

Daker's Objections (doc. nos. 11, 13) to the Magistrate Judge's Order, (doc. no. 7) and Report and Recommendation, (doc. no. 8), are **OVERRULED**. The Magistrate

---

[2] See Daker v. Ward, 999 F.3d 1300, 1302 (11th Cir. 2021)(noting Daker's serial filings predate his 2012 conviction and citing his 1996 conviction and ten-year sentence during which time he filed numerous actions in federal court, at least one of which involved similar challenges as those encountered here); see also, Daker v. Wetherington, No. 1:01-cv-3257 (N.D. Ga. Nov. 28, 2001).

7

Judge's R&R, (doc. no. 8) is **ADOPTED**. Plaintiff's Complaint is **DISMISSED**; his Motions for "access to photocopying" and for "access to stored legal materials," (doc. nos. 16, 17), are both **DENIED**. As well, Plaintiff's Motion for "Judges and Magistrates of this Court to Stop Flip-Flopping as to Whether Multiple Tier II Due Process and Conditions of Confinement Claims are Dissimilar or Similar and to Decide Whether Plaintiff Should Litigate Them Separately or Together," (doc. no. 3) is **DENIED**. This Motion seeks no available remedy, makes no request for practicable relief, and consists of "baseless criticisms of the judges of this Court and complaints about rulings in other cases." Daker v. Head, 6:14-CV-047, doc. 516 at 2 (S.D. Ga. May 19, 2014). The Clerk is directed to **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 2nd day of May, 2023.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA